## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDRES F. CABEZAS** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Civil Action No. 19-0145 (CJN)** |
| **v.** ) | **(ECF)** |
| ) | |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>

The Federal Bureau of Investigation ("Defendant" or "FBI"), by and through the undersigned counsel, respectfully submits this Opposition to the Motion to Alter or Amend Judgment filed by Andres Cabezas ("Plaintiff").   Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), arguing that the Court committed clear error when it held that Plaintiff failed to identify any specific misconduct on the part of the government.   ECF No. 57, Plaintiff's Motion for Reconsideration at 2-3 ("Pl's MFR").   Plaintiff argues that he provided evidence and documentation in this summary judgment proceeding and on the record confirming that the misconduct occurred.   *Id*.

In this action under the Freedom of Information Act, 5 U.S.C. 552, *et seq*. ("FOIA"), Plaintiff sought FBI records of his prosecution in Florida.   The parties filed cross-motions for summary judgment.   *See* ECF Nos. 37, 43.   The Court granted Defendant's motion in full.   *See* ECF No. 55 ("Memo Op.").   Specifically, the Court granted Defendant's motion on the adequacy of its search and withholdings under FOIA Exemptions 5, 6, 7(C), and 7(E).   *See id*.

The only ruling that Plaintiff seeks to alter is the FBI's withholding under FOIA Exemption 6 and 7(C).   *See generally* Pl's MFR.   Plaintiff argues that the Court committed clear error in its privacy interest balancing under FOIA Exemptions 6 and 7(C) by improperly weighing the public's interest in the alleged use of a non-covertly purchased device (iphone) on an unsecured network (T-Mobile) in the FBI's undercover operation that lead to Plaintiff's arrest and prosecution; and the alleged failure to use only "on duty" online covert employees during such operations.   *See* Pl's MFR at 3-4.   Plaintiff also argues that some alleged "backdating" and "tampering" with documents occurred.   *Id*. at 4-5.   Moreover, as previously stated, Plaintiff alleges clear error in the Court's finding that, "'. . . Cabezas alludes to government misconduct, but fails to identify any specific misconduct.' ('In Plaintiff's case, there is no evidence of misconduct aside from Plaintiff's unsupported allegations.')."   *Id*. at 2 (citing Memo. Op. at 17).

Rule 59(e) motions are "disfavored" and are reserved for "extraordinary circumstances." *Liberty Prop. Trust v. Republic Props. Corp*., 570 F.Supp.2d 95, 97 (D.D.C. 2008) (quoting *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001)).   "Extraordinary circumstance[s]" include (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.   *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998).   Re-litigating arguments or legal theories that could have been raised earlier do not qualify as an "extraordinary circumstance" under Rule 59(e).   *See Taylor v. DOJ*, 268 F.Supp.2d 34, 35 (D.D.C. 2003).

Courts have not generally defined what constitutes "clear error" under Rule 59(e). *Lightfoot v. Dist. of Columbia*, 355 F.Supp.2d 414, 422 (D.D.C. 2005).   What can be learned from the scarce case law on the subject, however, is that clear error should conform to a "very

exacting standard." *Id*. (quoting *Hopwood v. Texas*, 236 F.3d 256, 272 (5th Cir. 2000)). District Courts should have "a clear conviction of error" before finding a final judgment was predicated on clear error. *Id*. The Seventh Circuit declared that a final judgment must be "dead wrong" to constitute clear error. *NYC C.L.A.S.H., Inc. v. Carson*, 2020 U.S. Dist. Lexis 131811*4 (D.D.C. 2020) (citing *Parts & Electric Motors, Inc. v. Sterling Electric, Inc*., 866 F.2d 228, 233 (7th Cir. 1988)). Mere disagreement with a court's ruling will not justify amendment of a judgment. *Habliston v. FINRA Disp. Resol., Inc*., 251 F. Supp. 3d 240, 246 (D.D.C. 2017).

The Court was correct that Plaintiff "allude[d] to government misconduct but he fail[ed] to identify any specific misconduct." Memo. Op. at 17. To the extent that he identified any misconduct in his Surreply, *see* ECF No. 54-1, Plaintiff never made any cogent argument that the purported misconduct was of any public interest. It appears that Plaintiff expected the Court to do the analysis for him. Nor did Plaintiff cite any law supporting his position that any alleged misconduct of the kind he asserts constituted a public interest that outweighed privacy interests that the FBI relied upon. "Rule 59(e) motions are aimed at reconsideration, not initial consideration." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Patton Boggs LLP v. Chevron Corp*., 683 F.3d 397, 403 (D.C. Cir. 2012) ("Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment.").

Moreover, the FBI and this Court reasonably concluded that permitting Plaintiff to tie the names of government lawyers, their assistants, law enforcement officers, and others to specific communications would likely invite further harassment.  *See Bernegger v. EOUSA*, 334 F.Supp.3d 74, 90-91 (D.D.C. 2018); Memo. Op. at 17 (Some law enforcement personnel names may have been public, but the Bureau "continues to assert that release of these employees' names within the specific investigative context of these records would constitute an unwarranted invasion of privacy and would put these employees at unnecessary risk of retaliation and potential violence." 3d Seidel Decl. ¶ 19(c). Associating a particular employee with a particular investigation "could lead to harassment, targeting, or retaliation against those employees by criminals who may hold a grudge due to that specific investigative action." *Id*. ¶19(a).).

Additionally, even if Plaintiff had properly raised a colorable argument that alleged FBI misconduct outweighed any privacy interest that the FBI sought to protect, such an argument would not have been persuasive and would have failed.   As the Supreme Court has emphasized, it is not enough for a FOIA requester merely to raise accusations of misconduct; a FOIA requester's "bare suspicion" of government misconduct is insufficient to outweigh a "cognizable" privacy interest.  *National Archives and Records Admin v. Favish*, 541 U.S. 157, 174 (2004).   As in *Bernegger*, *supra*, Plaintiff merely rehashes the "venomous and unsubstantiated allegations of misconduct directed at prosecutors, judges, court staff, witnesses, and others" that other courts have previously considered and rejected in earlier decisions.  *See In re Bernegger*, 2015 U.S. Dist. Lexis 164163, 2015 WL 8347587 *11 (D.D.C. 2015.

These baseless accusations are insufficient to overcome the privacy interests at stake that the Court acknowledged in its summary judgment ruling.  *See* Memo. Op. at 17-18.  "[G]arden-variety act[s]of misconduct would not serve the FOIA's purpose of showing what the [g]overnment is up to."  *Oguaju v. United States*, 288 F.3d 448, 451 (D.C. Cir. 2002), judgment reinstated, 378 F.3d 1115 (D.C. Cir. 2004); *see also Cole v. FBI*, 2015 U.S. Dist. Lexis 100653 (D.D.C. 2015) (concluding that the plaintiff had failed to demonstrate a public interest based on misconduct where other courts that handled the plaintiff's criminal and habeas cases made no such finding of misconduct).  Plaintiff's claims of misconduct are not bourn out by the record of his criminal case.  *United States v. Cabezas*, 797 Fed. Appx. 415, 418 (11th Cir. 2019), *cert. denied*, 2021 U.S. Lexis 90 * 141 S. Ct. 1112 (2021) ("The record already contains an admission by Cabezas's lawyer that Cabezas deleted the video after viewing it.  The absence of pornography from the phone is thus entirely consistent with his guilt.").

In sum, Plaintiff fails to demonstrate any basis for the Court to reconsider its decision under Rule 59(e) because he has not demonstrated the Court was "dead wrong" in granting the FBI's motion.  Specifically, Plaintiff rehashes arguments that, even though he never presented them, the Court considered and rejected.  Plaintiff failed, then and now, to show that any alleged misconduct by the FBI outweighed the privacy interest that the FBI sought to protect.  Plaintiff did not even bother to engage in the balancing exercise.  Finally, the record of Plaintiff's criminal case and appeals do not support his allegation of "misconduct."  For these, reasons, Plaintiff's motion should be denied.

May 6, 2022                          Respectfully submitted,


                                     MATTHEW M. GRAVES, D.C. Bar #481052
                                     United States Attorney

                                     BRIAN P. HUDAK
                                     Chief, Civil Division

                                     By: _____/s/_____
                                     KENNETH ADEBONOJO
                                     Assistant United States Attorney
                                     United States Attorney's Office
                                     for the District of Columbia-Civil Division
                                     601 D Street, N.W.
                                     Washington, D.C.   20530
                                     Telephone: (202) 252-2562